THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CURV BRANDS, LLC and<br>CURV GROUP, LLC,<br><br>   Plaintiffs,<br><br>v.<br><br>GOLDEAST LLC, and<br>JONATHAN PARK,<br><br>   Defendants. | Judge:<br><br>Magistrate Judge:<br><br>Civil Action No.:<br><br>JURY DEMAND |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Curv Brands, LLC ("Curv Brands") and Curv Group, LLC ("Curv Group"), for their Complaint against Defendants Goldeast LLC ("Goldeast") and Jonathan Park ("Park") allege as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This action arises under the Patent Laws of the United States, including 35 U.S.C. §§271 and 281. This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §§1331 and 1338(a).

2. This Court has personal jurisdiction over Goldeast because Goldeast transacts substantial business in this judicial district and offers to sell and sells products accused of patent infringement in this judicial district including, but not necessarily limit to Kiartten ™ pocket key organizers. Goldeast has been selling and/or offering to sell these pocket key organizers in The United States and within this judicial district using interactive websites such as www.kiartten.com, www.amazon.com and www.ebay.com (Exs. B-E).

1

3. This Court has personal jurisdiction over Park because Park, as the Manager of Goldeast, aids, abets, directs and controls the transaction of business by Goldeast in this judicial district, including selling and/or offering to sell the Kiartten™ pocket key organizers in this judicial district using the aforementioned interactive websites (Ex. F).

4. Venue is proper in this judicial district under 28 U.S.C. §§1391(b) and (c) and/or 28 U.S.C. §1400 (b).

5. Curv Brands is an Illinois Limited Liability Company having a principal place of business at 860 Bonnie Lane, Elk Grove Village, Illinois 60007.

6. Curv Brands is the owner of all right, title and interest in U.S. Patent D705,533 S ("the '533 patent"). The '533 patent claims an ornamental design for a pocket key organizer as shown and described in Exhibit A.

7. Curv Group is an Illinois Limited Liability Company having a principal place of business at 860 Bonnie Lane, Elk Grove Village, Illinois 60007.

8. Curv Group exclusively licenses the '533 patent from Curv Brands. Curv Group makes and sells pocket key organizers under the Keysmart® name, which embody the design claimed in the '533 patent.

9. Goldeast is a California Limited Liability Company, having a principal place of business at 19925 Stevens Creek Blvd., Suite 100, Cupertino, California 95014 (Ex. F). On information and belief, Goldeast also has a place of business at 235 Montgomery, Suite 350, San Francisco, California 94104 (Exs. B and C). Goldeast makes and sells Kiartten™ pocket key organizers having an ornamental design shown in Exs. B-E.

10. Park is an individual who, on information and belief, resides at 744 Green Ave., San Bruno, California 94066. Park is the Manager of Goldeast, and also has a listed address at 235 Montgomery Street, Suite 350, San Francisco, California 94104 (Ex. F).

## COUNT I – PATENT INFRINGEMENT BY GOLDEAST

11. Plaintiffs incorporate by reference the allegations in Paragraph 1-10 above.

12. The '533 patent was duly and legally issued by the U.S. Patent and Trademark Office and remains in full force and effect.

13. Goldeast has directly infringed, and continues to directly infringe the '533 patent by making, importing, using, offering to sell and/or selling pocket key organizers that embody the claimed ornamental design including, but not necessarily limited to, pocket key organizers sold under the name Kiartten™ (Exs. B-E).

14. For example, Goldeast maintains a sales website at www.kiartten.com, dedicated to interactively selling the Kiartten™ pocket key organizers (Exs. B and C). The website includes a sales button linking to www.amazon.com (Ex. B, p.1) and indicates a business address at 235 Montgomery St., San Francisco, California 94104 (Ex. B, p.1; Ex. C, p.1). This business address coincides with the registered address for Jonathan Park, Manager of Goldeast (Ex. F).

15. Goldeast also sells the accused Kiartten™ pocket key organizers on www.ebay.com (Ex. D), and on www.amazon.com via a seller identified as "11th City" (Ex. E).

16. Goldeast has infringed and continues to infringe the '533 patent by contributing to and/or actively inducing direct infringement of the '533 patent by others, including retailers such as EBay, Amazon and 11th City (Exs. B-E). The infringing activities by Goldeast include encouraging, aiding and abetting others to make, import, use, offer to sell and/or sell infringing pocket key organizers in the United States. The infringing pocket key organizers include, but are not necessarily limited to, Kiartten™ pocket key organizers.

17. Goldeast had constructive notice of the '533 patent by virtue of the Keysmart® pocket key organizers and their packaging being marked with notice of the '533 patent.

18. Goldeast had further notice of the '533 patent by virtue of correspondence between Goldeast and Curv Group, beginning not later than October 2016.

19. Notwithstanding its notice of the '533 patent, Goldeast has, and continues to wantonly and willfully infringe the '533 patent, entitling Plaintiffs to enhanced damages under 35 U.S.C §284.

20. Goldeast's conduct further warrants a finding that this case is exceptional, entitling Plaintiffs to recover reasonable attorney fees under 35 U.S.C. §285.

21. By reason of Goldeast's infringement of the '533 patent, Plaintiffs have and will continue to suffer irreparable harm, the full extent of which is presently unknown. Goldeast has benefitted from its unlawful infringement of the '533 patent and will continue to be unjustly enriched unless and until it is enjoined by this Court.

22. The balancing of hardships between the Plaintiffs and Goldeast is such that Plaintiffs would suffer greater injury from Goldeast's continued infringement than Goldeast would suffer from an immediate cessation of infringement.

23. The public interest would be better served by preliminary enjoining Goldeast from further infringement than by permitting Goldeast to continue infringing the '533 patent.

### COUNT II – PATENT INFRINGEMENT BY PARK

24. Plaintiffs incorporate by reference the allegations in Paragraph 1-23 above.

25. Park has directly infringed, and continues to directly infringe the '533 patent by making, importing, using, offering to sell and/or selling pocket key organizers that embody the claimed ornamental design including, but not necessarily limited to, pocket key organizers sold under the name Kiartten™.

26. Park has infringed and continues to infringe the '533 patent by contributing to and/or actively inducing direct infringement of the '533 patent by Goldeast, and by others, including retailers such as EBay, Amazon and 11th City. The infringing activities by Park include encouraging, aiding and abetting others to make, import, use, offer to sell and/or sell infringing pocket key organizers in the United States. The infringing pocket key organizers include, but are not necessarily limited to, Kiartten™ pocket key organizers.

27. Park had constructive notice of the '533 patent by virtue of the Keysmart® pocket key organizers and their packaging being marked with notice of the '533 patent.

28. Park had further notice of the '533 patent by virtue of correspondence between Goldeast and Curv Group, Keysmart, LLC, beginning not later than October 2016.

29. Notwithstanding its notice of the '533 patent, Park has, and continues to wantonly and willfully infringe the '533 patent, entitling Plaintiffs to enhanced damages under 35 U.S.C §284.

30. Park's conduct further warrants a finding that this case is exceptional, entitling Plaintiffs to recover reasonable attorney fees under 35 U.S.C. §285.

31. By reason of Park's infringement of the '533 patent, Plaintiffs have and will continue to suffer irreparable harm, the full extent of which is presently unknown. Park has benefitted from his unlawful infringement of the '533 patent and will continue to be unjustly enriched unless and until he is enjoined by this Court.

32. The balancing of hardships between the Plaintiffs and Park is such that Plaintiffs would suffer greater injury from Park's continued infringement than Park would suffer from an immediate cessation of infringement.

33. The public interest would be better served by preliminary enjoining Park from further infringement than by permitting Park to continue infringing the '533 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Curv Brands, LLC and Curv Group, LLC pray for the following relief against Defendants Goldeast LLC and Jonathan Park:

A.    That the Court enter judgment that the '533 patent is infringed by Goldeast and Park, and Plaintiffs are entitled to an award of damages to be proven at trial, but in no event less than a reasonable royalty;

B.    For preliminary and permanent injunctions against Defendants' continued infringement of the '533 patent, including preliminary and permanent injunctions against all direct, contributory and actively induced infringement;

C.    For an accounting and recovery of damages adequate to compensate Plaintiffs for Defendants' infringement of the '533 patent, including but not limited to Defendants' profits pursuant to 35 U.S.C. §289, Plaintiffs' lost profits, and not less than a reasonable royalty under 35 U.S.C. §284;

D.    For a finding that Defendants' patent infringement has been wanton and willful, such that Plaintiffs are entitled to receive up to three times the amount of damages defined in subparagraph C above;

E.    For a finding that Plaintiffs' case against Defendants is exceptional, such that Plaintiffs are entitled to recover reasonable attorney fees pursuant to 35 U.S.C. §285; and

F.    For such further relief as the Court may deem equitable, just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury.

Dated: February 22, 2017　　　　　　/s/Maxwell J. Petersen/
　　　　　　　　　　　　　　　　　Maxwell J. Petersen
　　　　　　　　　　　　　　　　　Steven M. Shape
　　　　　　　　　　　　　　　　　LEWIS BRISBOIS BISGAARD & SMITH, LLP
　　　　　　　　　　　　　　　　　550 West Adams Street, Suite 300
　　　　　　　　　　　　　　　　　Chicago, Illinois 60661
　　　　　　　　　　　　　　　　　Tel: (312) 463-3386
　　　　　　　　　　　　　　　　　Fax: (312) 345-1778
　　　　　　　　　　　　　　　　　Email: maxwell.petersen@lewisbrisbois.com
　　　　　　　　　　　　　　　　　　　　　steven.shape@lewisbrisbois.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CURV BRANDS, LLC and CURV GROUP, LLC, | ) ) ) | Judge: |
| Plaintiffs, | ) ) ) | Magistrate Judge: |
| v. | ) ) ) | Civil Action No.: |
| GOLDEAST LLC, and JONATHAN PARK, | ) ) ) ) | JURY DEMAND |
| Defendants. | ) | |

## LOCAL RULE 3.2 NOTIFICATION OF AFFILATES
## DISCLOSURE STATEMENT

Pursuant to Local Rule 3.2, Plaintiff Curv Brands, LLC, by its undersigned attorney, states that it has no publicly held affiliates.

Dated: February 22, 2017

/s/Maxwell j. Petersen/
Maxwell J. Petersen
Steven M. Shape
LEWIS BRISBOIS BISGAARD & SMITH, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Tel: (312) 463-3386
Fax: (312) 345-1778
Email: maxwell.petersen@lewisbrisbois.com
steven.shape@lewisbrisbois.com

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CURV BRANDS, LLC and<br>CURV GROUP, LLC, | )<br>) | Judge: |
| Plaintiffs, | )<br>)<br>) | Magistrate Judge: |
| v. | )<br>) | Civil Action No.: |
| GOLDEAST LLC, and<br>JONATHAN PARK, | )<br>)<br>) | JURY DEMAND |
| Defendants. | )<br>) | |

## LOCAL RULE 3.2 NOTIFICATION OF AFFILATES
## DISCLOSURE STATEMENT

Pursuant to Local Rule 3.2, Plaintiff Curv Group, LLC, by its undersigned attorney, states that it has no publicly held affiliates.

Dated: February 22, 2017

/s/Maxwell J. Petersen/
Maxwell J. Petersen
Steven M. Shape
LEWIS BRISBOIS BISGAARD & SMITH, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Tel: (312) 463-3386
Fax: (312) 345-1778
Email: maxwell.petersen@lewisbrisbois.com
steven.shape@lewisbrisbois.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CURV BRANDS, LLC and<br>CURV GROUP, LLC, | )<br>)<br>) | Judge: |
| Plaintiffs, | )<br>) | Magistrate Judge: |
| v. | )<br>) | Civil Action No.: |
| GOLDEAST LLC, and<br>JONATHAN PARK | )<br>)<br>)<br>) | JURY DEMAND |
| Defendant. | ) | |

**LOCAL RULE 3.4 NOTICE OF CLAIMS
INVOLVING A PATENT**

Pursuant to Local Rule 3.4, Plaintiffs provide the information required by 35 U.S.C. §290:

The Plaintiffs are Curv Brands, LLC, and Curv Group, LLC, both Illinois limited liability companies, having a principal place of business at 800 Bonnie Lane, Elk Grove, Illinois 60007.

The first Defendant is Goldeast LLC, a California limited liability company having a principal place of business at 19925 Stevens Creek Blvd., Suite 100, Cupertino, California 94104.

The second Defendant is Jonathan Park, an individual having a business address at 235 Montgomery Street, Suite 350, San Francisco, California 94104.

The patent-in-suit is U.S. Patent D705,533, entitled "Pocket Key Organizer." Michael Tunney is the sole inventor.

Dated: February 22, 2017
/s/Maxwell J. Patersen/
Maxwell J. Petersen
Steven M. Shape
LEWIS BRISBOIS BISGAARD & SMITH, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Tel: (312) 463-3386
Fax: (312) 345-1778
Email: maxwell.petersen@lewisbrisbois.com
steven.shape@lewisbrisbois.com