THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CURV BRANDS, LLC** and **CURV GROUP, LLC**, <br><br> Plaintiffs, <br><br> v. <br><br> **11TH CITY, GOLDEAST LLC,** and **JONATHAN PARK**, <br><br> Defendants. | Civil Action No. 1:17-cv-1356 <br><br> Honorable Mathew F. Kennelly <br><br> Magistrate Judge: Jeffrey T. Gilbert <br><br> JURY TRIAL DEMANDED |

### DEFENDANT 11TH CITY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant 11th City, by its attorneys, as and for its Answer to the Amended Complaint for Patent Infringement raised by Plaintiffs Curv Brands, LLC and Curv Group, LLC (Dkt. 21) answers and alleges as follows:

1. This action arises under the Patent Laws of the United States, including 35 U.S.C. §§271 and 281. This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §§1331 and 1338(a).

**ANSWER:** Admits as stated but deny any violation of said laws.

2. This Court has personal jurisdiction over 11th City because 11th City transacts substantial business in this judicial district and has offered to sell and sold products accused of patent infringement in this judicial district including, but not limit to Kiartten ™ pocket key organizers. 11th City has been selling and/or offering to sell these pocket key organizers in The United States and within this judicial district using interactive websites such as www.kiartten.com and www.amazon.com (Exs. B, C and E).

**ANSWER:** Admitted that this Court has personal jurisdiction over 11th City for the purposes of this action. 11th City denies the remaining allegations of Paragraph 2.

3. This Court has personal jurisdiction over Goldeast because, on information and belief, Goldeast transacts substantial business in this judicial district and has offered

to sell and sold products accused of patent infringement in this judicial district including, but not necessarily limit to Kiartten ™ pocket key organizers. On information and belief Goldeast, has been selling and/or offering to sell these pocket key organizers in The United States and within this judicial district using interactive websites such as www.amazon.com and/or www.amazon.co.uk (Exs. B-E).Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 2201-2202.

**ANSWER:** Inasmuch as Paragraph 3 is directed to Defendant Goldeast, no response is necessary.

4. This Court has personal jurisdiction over Park because Park, as the sole Director, Chief Executive Officer, Secretary and Chief Financial Officer of 11th City, and, on information and belief, as Manager of Goldeast, aids, abets, directs and controls the transaction of business by 11th City and Goldeast in this judicial district, including selling and/or offering to sell the Kiartten™ pocket key organizers in this judicial district using the aforementioned interactive websites (Exs. F, G and H, pgs. 2 and 6).

**ANSWER:** Inasmuch as Paragraph 4 is directed to Defendant Park, no response is necessary.

5. Venue is proper in this judicial district under 28 U.S.C. §§1391(b) and (c) and/or 28 U.S.C. §1400 (b).

**ANSWER:** Admitted in part because 11th City denies that Curv Brand has any claims or causes of action.

6. Curv Brands is an Illinois Limited Liability Company having a principal place of business at 860 Bonnie Lane, Elk Grove Village, Illinois 60007.

**ANSWER:** 11th City lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6.

7. Curv Brands is the owner of all right, title and interest in U.S. Patent D705,533 S ("the '533 patent"). The '533 patent claims an ornamental design for a pocket key organizer as shown and described in Exhibit A.

**ANSWER:** Admitted that Exhibit A purports to be a copy of U.S. Patent No. D705,533. 11th City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 7.

8. Curv Group is an Illinois Limited Liability Company having a principal place of business at 860 Bonnie Lane, Elk Grove Village, Illinois 60007.

**ANSWER:** 11th City lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 8.

9. Curv Group exclusively licenses the '533 patent from Curv Brands. Curv Group makes and sells pocket key organizers under the Keysmart® name, which embody the design claimed in the '533 patent.

**ANSWER:** 11th City lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 9.

10. 11th City is a California Corporation, having a principal place of business at 303 Twin Dolphin Drive, Suite 600, Redwood City, California 94065 (Ex. G). 11th City also has a listed address and, on information and belief, a place of business at 235 Montgomery, Suite 350, San Francisco, California 94104 (Exs. B, C, G and H, pg. 2). 11th City makes and sells Kiartten™ pocket key organizers having an ornamental design shown in Exs. B, C and E.

**ANSWER:** Admitted in part and deny in part. Admitted that 11th City is a California Corporation, having a principal place of business at 303 Twin Dolphin Drive, Suite 600, Redwood City, California and has a place of business at 235 Montgomery, Suite 350, San Francisco, California 94104. 11th City denies the remaining allegations in Paragraph 10.

11. Goldeast is a California Limited Liability Company, having a principal place of business at 19925 Stevens Creek Blvd., Suite 100, Cupertino, California 95014 (Ex. F). Goldeast also has a listed address and, on information and belief, a place of business at 235 Montgomery, Suite 350, San Francisco, California 94104 (Exs. B, C, D, F and H, pg. 6). On information and belief, Goldeast sells Kiartten™ pocket key organizers having an ornamental design shown in Exs. B-E.

**ANSWER:** Inasmuch as Paragraph 11 is directed to Defendant Goldeast, no response is necessary.

12. Park is an individual who, on information and belief, resides at 744 Green Ave., San Bruno, California 94066. Park is the sole Director, Chief Executive Officer, Secretary and Chief Financial Officer of 11th City, and Manager of Goldeast (Exs. F, G and H, pgs. 2 and 6). Park also has a listed address at 235 Montgomery Street, Suite 350, San Francisco, California 94104 and manages and controls a host of

3

    entities having a registered and listed business address of 235 Montgomery Street, Suite 350, San Francisco, California 94104 for online retail selling activities (Exs. F, G and H, pgs. 2 and 6).

**ANSWER:** Inasmuch as Paragraph 12 is directed to Defendant Park, no response is necessary.

## COUNT I – PATENT INFRINGEMENT BY 11th CITY

    13. Plaintiffs incorporate by reference the allegations in Paragraph 1-12 above.

**ANSWER:** 11th City incorporates by reference its answers to the allegations in Paragraphs 1-12 above.

    14. The '533 patent was duly and legally issued by the U.S. Patent and Trademark Office and remains in full force and effect.

**ANSWER:** 11th City lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14.

    15. 11th City has directly infringed, and continues to directly infringe the '533 patent by making, importing, using, offering to sell and/or selling pocket key organizers that embody the claimed ornamental design including, but not necessarily limited to, pocket key organizers sold under the name Kiartten™ (Exs. B, C and E).

**ANSWER:** Denied.

    16. On information and belief, 11th City provides and has provided a link on www.kiartten.com which leads or lead to a sales website on www.amazon.com, (Exs. B, E and H) dedicated to interactively selling the Kiartten™ pocket key organizers (Exs. B and C) throughout the world (Ex. E). The website includes a sales button linking to www.amazon.com (Exs. B, pg.1, and E) and indicates a business address at 235 Montgomery St., San Francisco, California 94104 (Exs. B, pg.2; C, pgs.1 and 3, G and H, pgs. 2 and 6). This business address coincides with the registered address for Jonathan Park, sole Director, Chief Executive Officer, Secretary and Chief Financial Officer of 11th City and Manager of Goldeast (Exs. F, G and H, pgs. 2 and 6).

**ANSWER:** Denied.

    17. 11th City sells and has sold the accused Kiartten™ pocket key organizers on www.amazon.com as an identified and admitted seller (Ex. E and I).

4

**ANSWER:** Denied. Stating further, 11th City does not sell the accused Kiartten™ pocket key organizers.

> 18. 11th City has infringed and continues to infringe the '533 patent by contributing to and/or actively inducing direct infringement of the '533 patent by others, including retailers such as www.amazon.com (Exs. B, C and E). The infringing activities by 11th City include encouraging, aiding and abetting others to make, import, use, offer to sell and/or sell infringing pocket key organizers in the United States. The infringing pocket key organizers include, but are not limited to, Kiartten™ pocket key organizers (Exs. B, C and E).

**ANSWER:** Denied.

> 19. 11th City had constructive notice of the '533 patent by virtue of the Keysmart® pocket key organizers and their packaging being marked with notice of the '533 patent.

**ANSWER:** 11th City lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19.

> 20. 11th City had further notice of the '533 patent by virtue of correspondence between 11th City and Curv Group, beginning not later than October 2016 (Ex. I).

**ANSWER:** 11th City lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20.

> 21. Notwithstanding its notice of the '533 patent, 11th City has, and continues to wantonly and willfully infringe the '533 patent, entitling Plaintiffs to enhanced damages under 35 U.S.C §284.

**ANSWER:** Denied.

> 22. 11th City's conduct further warrants a finding that this case is exceptional, entitling Plaintiffs to recover reasonable attorney fees under 35 U.S.C. §285.

**ANSWER:** Denied.

> 23. By reason of 11th City's infringement of the '533 patent, Plaintiffs have and will continue to suffer irreparable harm, the full extent of which is presently unknown. 11th City has benefitted from its unlawful infringement of the '533 patent and will continue to be unjustly enriched unless and until it is enjoined by this Court.

5

**ANSWER:** 11th City lacks knowledge or information sufficient to enable it to admit or deny the allegations set forth in Paragraph 23.

24. The balancing of hardships between the Plaintiffs and 11th City is such that Plaintiffs would suffer greater injury from 11th City's continued infringement than 11th City would suffer from an immediate cessation of infringement.

**ANSWER:** 11th City lacks knowledge or information sufficient to enable it to admit or deny the allegations set forth in Paragraph 24.

25. The public interest would be better served by preliminary enjoining 11th City from further infringement than by permitting 11th City to continue infringing the '533 patent.

**ANSWER:** 11th City lacks knowledge or information sufficient to enable it to admit or deny the allegations set forth in Paragraph 25.

### COUNT II – PATENT INFRINGEMENT BY GOLDEAST

Paragraphs 26-37 purport to state a claim for patent infringement against Defendant Goldeast LLC. Accordingly, no answer by Defendant 11th City is required. To the extent an answer is required, 11th City denies the allegations of Paragraphs 26-37.

### COUNT III – PATENT INFRINGEMENT BY PARK

Paragraphs 38-47 purport to state a claim for patent infringement against Defendant Goldeast LLC. Accordingly, no answer by Defendant 11th City is required. To the extent an answer is required, 11th City denies the allegations of Paragraphs 38-47.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Curv Brands, LLC and Curv Group, LLC pray for the following relief against Defendants 11th City, Goldeast LLC, Jonathan Park:
A. That the Court enter judgment that the '533 patent is infringed by 11th City, Goldeast and Park, and Plaintiffs are entitled to an award of damages to be proven at trial, but in no event less than a reasonable royalty;
B. That the Court enter preliminary and permanent injunctions prohibiting Defendants' and all those in active concert and participation with Defendants

6

from directly or indirectly infringing the '533 patent, including preliminarily and permanently enjoining all direct, contributory and actively induced infringement;

C. For an accounting and recovery of damages adequate to compensate Plaintiffs for Defendants' infringement of the '533 patent, including but not limited to Defendants' profits pursuant to 35 U.S.C. §289, Plaintiffs' lost profits, and not less than a reasonable royalty under 35 U.S.C. §284;

D. For a finding that Defendants' patent infringement has been wanton and willful, such that Plaintiffs are entitled to receive up to three times the amount of damages defined in subparagraph C above;

E. For a finding that Plaintiffs' case against Defendants is exceptional, such that Plaintiffs are entitled to recover reasonable attorney fees pursuant to 35 U.S.C. §285; and

F. For such further relief as the Court may deem equitable, just and proper.

**ANSWER:** 11th City denies that Plaintiffs are entitled to the requested or any other relief and asks that the Court deny all such relief, reward 11th City its fees and costs incurred in defending against the exceptional claims of Plaintiffs and award 11th City such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

11th City asserts the following defenses without prejudice to the denials in 11th City's Answer and Counterclaim to the Amended Complaint and without admitting any allegations of the Complaint not otherwise admitted:

## FIRST AFFIRMATIVE DEFENSE

11th City has not infringed and does not infringe, directly or indirectly, any valid claim of the patent-in-suit.

## SECOND AFFIRMATIVE DEFENSE

Upon information and belief, 11th City alleges that the sole claim of the patent-in-suit is invalid for failure to satisfy the conditions of patentability set forth in the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including without limitation §§ 101, 102, 103, 112 and 171,

in view of, *inter alia*, (a) prior art, (b) the claimed design being "dictated by" function and (c) the claiming of a design that "is not limited to the scale or aspect ratio shown herein."

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, 11th City alleges that Curv Brand is barred or limited from recovery in whole or in part by the doctrines of estoppel, including but not limited to the doctrine of prosecution history estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Curv Brand has not marked any of its products with the number of the asserted patent and is therefore is barred or limited from recovering damages under 35 U.S.C. § 287.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Curv Brand asserts that 11th City indirectly infringes, either by contributory infringement or inducement of infringement, 11th City is not liable to Curv Brand for the acts alleged to have been performed before 11th City knew that its actions would allegedly cause indirect infringement.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, 11th City alleges that the First Amended Complaint for Patent Infringement filed by Curv Brand fails to state a claim upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

11th City has engaged in all relevant activities in good faith, thereby precluding Curv Brand even if it prevails, from recovering reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

**COUNTERCLAIMS**

For its counterclaims against Plaintiffs/Counterdefendants Curv Brands, LLC and Curv Group LLC, Defendant/Counterplaintiff 11th City pleads as follows:

1. 11th City is a corporation organized and existing under the laws of the State of California with a principal place of business at 303 Twin Dolphin Dr., Ste. 600, Redwood City, CA 94065.

2. On information and belief, Defendant Curv Brands is an Illinois Limited Liability Company having a principal place of business at 860 Bonnie Lane, Elk Grove Village, Illinois 60007.

3. On information and belief, Defendant Curv Group is an Illinois Limited Liability Company having a principal place of business at 860 Bonnie Lane, Elk Grove Village, Illinois 60007.

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

5. This Court has personal jurisdiction over Defendant Curv Brands because it is an Illinois citizen with a principal place of business in this State and this District and because it has consented to the jurisdiction of this Court by filing its claims in this action.

6. This Court has personal jurisdiction over Defendant Curv Group because it is an Illinois citizen with a principal place of business in this State and this District and because it has consented to the jurisdiction of this Court by filing its claims in this action.

7. Venue is proper in this District under 28 U.S.C. § 1391(b), (c) and/or (d) and 28 U.S.C. § 1400 because Curv Brands and Curv Group are citizens and residents of this State with a principal place of business located within this District.

8. Defendant Curv Brands purports to be the owner of all right, title and interest in U.S. Patent D705,533 S ("the '533 patent").

9. On information and belief, Defendant Curv Brands does not makes, uses, sells, imports, offers to sell pocket key organizers, which allegedly embody the design claimed in the '533 patent.

10. Curv Group purports to be the exclusive licensee of the '533 patent.

11. The '533 patent purportedly claims the ornamental design for a pocket key organizer.

12. At least by this action, Curv Group and Curv Brands have falsely accused 11th City of infringing the '533 patent through its sales and offers for sale of its Kiartten™ line of products.

13. Curv Group and Curv Brand's allegations of infringement, threats of litigation, and lawsuit have cast a cloud of uncertainty over 11th City's business and products including the Accused Products requiring the declaratory and other relief sought in these counterclaims.

## COUNTERCLAIM I

### DECLARATORY JUDGMENT OF NONINFRINGEMENT AGAINST CURV GROUP

14. 11th City incorporates by reference the allegations set forth in Paragraphs 1-13 of its counterclaims as if fully restated herein.

15. Curv Group purports to be the exclusive licensee of the '533 patent.

16. Curv Group has accused 11th City of infringing the '533 patent.

17. A substantial, immediate, and real controversy therefore exists between Curv Group and 11th City as to whether 11th City's products do no directly or indirectly infringe any claim of the '533 patent.

18. An ordinary observer, being apprised of the prior art and giving such attention as a purchaser usually gives, would not be deceived into believing that the Accused Products are the same as the pocket key organizer claimed in the '533 patent.

19. Based on the foregoing, 11th City hereby requests a declaration from the Court that 11th City's products, including the Accused Products, do not directly or indirectly infringe upon the '533 Patent.

## COUNTERCLAIM II

### DECLARATORY JUDGMENT OF NONINFRINGEMENT AGAINST CURV BRANDS

20. 11th City incorporates by reference the allegations set forth in Paragraphs 1-19 of its counterclaims as if fully restated herein.

21. Curv Brands purports to be the owner of all right, title, and interest to the '533 patent.

22. Curv Brands has accused 11th City of infringing the '533 patent.

23. A substantial, immediate, and real controversy therefore exists between Curv Brands and 11th City as to whether 11th City's products do no directly or indirectly infringe any claim of the '533 patent.

24. An ordinary observer, being apprised of the prior art and giving such attention as a purchaser usually gives, would not be deceived into believing that the Accused Products are the same as the pocket key organizer claimed in the '533 patent.

25. Based on the foregoing, 11th City hereby requests a declaration from the Court that 11th City's products, including the Accused Products, do not directly or indirectly infringe upon the '533 Patent.

## COUNTERCLAIM III

## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. D705,533 S

26. 11th City incorporates by reference the allegations set forth in Paragraphs 1-25 of its counterclaims as if fully restated herein.

27. Curv Brands purports to be the owner of all right, title, and interest to the '533 patent.

28. Curv Group purports to be the exclusive licensee of the '533 patent.

29. Curv Brands and Curv Group have accused 11th City of infringing the '533 patent.

30. On information and belief, the '533 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to, §§ 102, 103, and 171.

31. Absent a declaration that the '533 patent is invalid, Curv Brands and/or Curv Group will continue to wrongly assert the '533 patent against 11th City and/or its customers, and thereby cause 11th City irreparable harm and injury.

32. A substantial, immediate, and real controversy therefore exists between 11th City and Curv Brands/Curv Group as to whether the '533 patent is invalid.

33. On information and belief, the subject matter of the '533 patent is entirely or at least primarily functional.

34. Upon information and belief, the subject matter of the '533 patent is not primarily ornamental.

35. Upon information and belief one or more companies have sold pocket key organizers with the same or substantially similar design as claimed in the '533 patent since before the priority date of the '533 patent.

36. Furthermore, it would have been obvious to combine the features of one or more of the other pocket key organizers to come up with the claimed design at the time the application for the '533 patent was filed.

37. Accordingly, the subject matter of the '533 patent was either anticipated or obvious over the prior art at the time the application for the '533 patent was filed.

38. Based on the foregoing, 11th City hereby requests a declaration from the Court that the '533 patent is invalid.

WHEREFORE, Counterplaintiff requests that a judgment be entered against Counterdefendants:

A. A finding that Counterplaintiff does not infringe the '533 Patent;

B. A finding that the '533 Patent is invalid;

C. Declaring this case exceptional and awarding Counterplaintiff its reasonable costs and attorneys' fees pursuant to 35 U.S.C.§ 285; and

D. Awarding Counterplaintiff such other relief as this Court deems just and proper.

## JURY DEMAND

11th City demands a trial by jury as to all issues so triable.

13

DATED: May 4, 2017                                          Respectfully submitted by,

/s/Nicholas S. Lee
Edward L. Bishop
ebishop@bishoppatents.com
Nicholas S. Lee
nlee@bishoppatents.com
Benjamin A. Campbell
bcampbell@bishoppatents.com
BISHOP DIEHL & LEE, LTD.
1475 E. Woodfield Rd., Suite 800
Schaumburg, IL 60173
Phone (847) 969-9123
Fax: (847) 969-9124

*Attorneys for Defendant 11th City*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this May 4, 2017. Any other counsel of record will be served by electronic mail and/or first class mail.

/s/Nicholas S. Lee
Nicholas S. Lee